IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| HAROLD M. HOFFMAN, individually and on behalf of those similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NUTRACEUTICAL CORPORATION,<br><br>　　　　　　Defendant. | Civil No. 12-5803-ES-SCM |

**REPORT AND RECOMMENDATION**

STEVEN C. MANNION, United States Magistrate Judge.

**INTRODUCTION**

This matter comes before the Court upon the motion of plaintiff Harold Hoffman (hereafter, "Plaintiff") to remand this case to the Superior Court of New Jersey. [Plaintiff's Motion to Remand, D.E. 4]. Defendant Nutraceutical Corporation (hereafter referred to as "Defendant") opposes Plaintiff's motion on the grounds that Plaintiff has failed to prove that the amount in controversy could not exceed the Class Action Fairness Act's jurisdictional threshold of five million dollars ("$5 million"). [Defendant's Brief in Opposition, D.E. 5]. Plaintiff filed his reply on October 3, 2012.

1

[D.E. 8].

Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Esther Salas, United States District Judge, has referred the motion to the undersigned for report and recommendation. For the reasons set forth herein, it is respectfully recommended that the motion to remand be **denied**.

### BACKGROUND

On August 9, 2012, Plaintiff, individually and on behalf of those similarly situated, filed a complaint against Defendant in the Superior Court of New Jersey, Law Division, Bergen County, seeking damages for alleged violations of the New Jersey Consumer Fraud Act. ["Notice of Removal," Docket Entry No. 1]. Plaintiff is a citizen of New Jersey. *Id*. Defendant, a corporation incorporated in the State of Delaware with its principal place of business in the State of Utah, is a citizen of the States of Delaware and Utah for diversity purposes. *Id*. Plaintiff's complaint alleges that Defendant marketed and sold a nutritional supplement, KAL Glucosomine Chondrotin MSM (the "Product"), that, contrary to Defendant's representations, was contaminated with lead. [*See* Plaintiff's Complaint, D.E. 1]. Plaintiff now seeks to bring this putative class action on behalf of all nationwide purchasers of the product for a six-year period preceding the filing of Plaintiff's Complaint. *See id*.

Defendant removed this matter to federal court on September 14,

2

2012. [D.E. 1]. Defendant asserts that Plaintiff's claims properly fall within the jurisdiction of this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), as the amount in controversy exceeds $5 million. [Defendant's Brief in Opposition, D.E. 5]. On September 21, 2012, Plaintiff filed his Motion to Remand, which Defendant opposed. [D.E. 4, 5].

Plaintiff argues that remand is appropriate because Defendant has not met "its burden of showing to a legal certainty that the amount in controversy exceeds the $5 million statutory minimum" under CAFA, and therefore CAFA jurisdiction cannot be established. [See Plaintiff's Brief in Support of Remand, D.E. 4-1]. Defendant contends that Plaintiff has misconstrued the applicable law, and that, in accordance with binding Third Circuit precedent, it is Plaintiff "who bears the burden of proving to a 'legal certainty' that the amount-in-controversy 'could not exceed'" CAFA's jurisdictional threshold. [See Defendant's Brief in Opposition, D.E. 5].

## LEGAL STANDARD

Under CAFA, a district court has original subject matter jurisdiction over any civil action where, *inter alia*, minimal diversity is established and the aggregated amount in controversy exceeds $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). Specifically, § 1332(d)(2)(A)-(C) provides that

minimal diversity of citizenship is demonstrated in a class action in which:

(A) Any member of a class of plaintiffs is a citizen of a State different from any defendant;
(B) Any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
(C) Any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

As a general matter, CAFA "enables any defendant to remove a qualifying class action to federal court" if minimal diversity of citizenship exists. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009). The removing party must demonstrate that federal subject matter jurisdiction exists and that removal is proper. *See Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *see also Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006) ("Under CAFA, the party seeking to remove the case to federal court bears the burden to establish that the amount in controversy is satisfied"). In doing so, diversity of citizenship must be established, as well as CAFA's amount in controversy requirement. *See Morgan*, 471 F.3d at 473.

Even where the parties do not dispute all elements of CAFA jurisdiction, it is the Court's obligation to determine whether it has subject matter jurisdiction. *See Kaufman*, 561 F.3d at 151 (citing *Samuel-Basset*, 357 F.3d at 395 (citing *Samuel-Basset*, 357 F.3d at 395). In making this determination, the Court is to evaluate

"jurisdiction by reviewing the allegations in the complaint and in the notice of removal." See id.; Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007). Here, there is no dispute that the parties are completely diverse. Accordingly, subject matter jurisdiction in the instant matter hinges upon whether the amount in controversy meets CAFA's $5 million statutory minimum.

In determining whether a case removed from state court pursuant to CAFA should be remanded because the amount in controversy does not meet the jurisdictional threshold, courts in this district employ the analysis set forth in Frederico v. Home Depot, 507 F.3d 188. Under Frederico, the district court must first and foremost consider the complaint filed in state court. Id. at 197. If jurisdictional facts are in dispute, the party challenging federal jurisdiction bears the burden of proving necessary facts by a preponderance of the evidence. Id. at 194 (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178 (1936). If jurisdictional facts are not in dispute, the court must consider whether the jurisdictional amount is satisfied with "legal certainty." Id. at 196.

The "legal certainty" test is comprised of two alternative strands: the "Morgan" strand and "Samuel-Bassett" strand. See id. at 196-97 (citing Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006); Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396). If the complaint "specifically avers that the amount sought is less than

5

the jurisdictional minimum," the *Morgan* strand of the test applies and the "defendant seeking removal must prove to a legal certainty that the plaintiff can recover the jurisdictional amount." *Id.* at 196-97 (citing *Morgan v. Gay*, 471 F.3d 469 (3d Cir. 2006)). However, if the "plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum," *Samuel-Bassett* applies and the case "must be remanded if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." *Id.* at 197.

## DISCUSSION

First, the Court must consider whether the parties dispute jurisdictional facts in order to determine whether it is the preponderance of the evidence or legal certainty standard that is applicable. *See Id.* at 197. Here, the parties disagree as to whether the jurisdictional amount has been met. [*See* Plaintiff's Brief, D.E. 4-1]. However, Defendant's notice of removal is premised entirely on factual allegations and legal claims taken from Plaintiff's complaint, and therefore jurisdictional facts are not expressly in dispute between the parties for the purpose of determining CAFA jurisdiction.[1] *See id.* at 198 ("[defendant's]

---

1 As the Third Circuit noted in *Frederico*, even where jurisdictional facts are not in dispute, the court may still require the party alleging jurisdiction to justify his allegations by a preponderance

6

argument for jurisdiction is based on allegations made initially by [plaintiff] herself. Accordingly, the present posture of the case is one where the relevant facts are not expressly in dispute between the parties"); [see also Notice of Removal, D.E. 1]. Therefore, the preponderance of the evidence standard espoused in *McNutt* is inapplicable, and the instant matter should be considered within the framework of the "legal certainty" test established by the Third Circuit in *Frederico*. *Id.* at 196-98.

There are two alternative strands of the legal certainty test, and the burden of proof associated with the test may rest upon either the party asserting or challenging jurisdiction depending on which strand is applicable. *Id.* at 196. In his supporting brief, Plaintiff argues that the *Morgan* strand of the legal certainty test applies, and therefore defendant "must prove to a legal certainty that the amount in controversy exceeds the statutory minimum" for CAFA jurisdiction. [*See* Plaintiff's Brief at *3-4, D.E. 4-1]. Plaintiff's interpretation of the applicable law is incorrect. *Morgan* only applies "where the complaint specifically avers that the amount sought is less than the jurisdictional minimum," and it is only then that a "defendant seeking removal must prove to a legal

---

of the evidence. *Frederico*, 507 F.3d at 198 (quoting *McNutt*, 298 U.S. at 189). However, like *Frederico*, the defendant in the instant matter based its notice of removal on allegations from the plaintiff's own complaint, and the parties do not contest the underlying facts. *Id.* Accordingly, the Court finds it unnecessary to insist on this burden of proof. *See id.*

certainty that plaintiff can recover the jurisdictional amount." *See id.* at 195-97 (acknowledging that a plaintiff may limit his or her claims so as to avoid federal subject matter jurisdiction); *see also Raspa v. Home Depot*, 533 F.Supp.2d 514, at 522 (D.N.J. 2007) (where a complaint does not expressly limit its damages claim to less than the jurisdictional amount, the *Samuel-Bassett* strand of the legal certainty test is applicable). Here, Plaintiff's complaint does not specifically aver that the amount sought is below the jurisdictional minimum, and therefore it is the *Samuel-Bassett* strand of the legal certainty test that applies. *Id.* at 196-98 (explaining that *Samuel-Bassett* applies where a plaintiff has not specifically averred in its complaint that the amount in controversy is less than the jurisdictional minimum); [*see also* Plaintiff's Complaint, D.E. 1].

Under the *Samuel-Bassett* strand of the test, remand is only proper if it appears to a legal certainty that "the plaintiff *cannot* recover the jurisdictional amount." *Id.* at 197 (emphasis in original). Consequently, it is the party challenging jurisdiction that bears the burden of proving, to a legal certainty, that the amount in controversy cannot exceed the jurisdictional threshold. *See Frederico*, 507 F.3d at 195. Therefore, the Court must now consider whether Plaintiff has met this burden.

Plaintiff's moving papers do not offer any new data with which

8

the Court may calculate the amount in controversy, so the Court will turn to the allegations made in Plaintiff's complaint. [*See* Plaintiff's Brief, D.E. 4-1]. When calculating the amount in controversy in removal cases, courts must consider both compensatory damages, as well as punitive damages. *See, e.g., Frederico*, 507 F.3d at 198-99; *Golden v. Golden*, 382 F.3d 348, 356 (3d Cir. 2006); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997). The parties do not dispute that Plaintiff seeks to recover the "actual out of pocket payment and expenditure for the Product," which retails on average for $20.00 per bottle,[2] nor is it disputed that Plaintiff's complaint seeks to recover treble damages under the New Jersey Consumer Fraud Act, punitive damages under common law fraud, pre-judgment and post-judgment interest, and attorneys' fees. [*See* Plaintiff's Complaint, D.E. 1]. The parties also do not dispute that Plaintiff's complaint asserts that the putative class is comprised of "thousands of consumers throughout the United States" that purchased "[Defendant's] KAL Glucosamine Chondroitin MSM for the six year period preceding the filing of this suit." *Id.* at ¶¶ 26, 27.

---

2 The parties dispute whether Plaintiff's complaint refers to only Defendant's 90 pill bottles of the Product, or both 90 and 60 pill bottles. [*See* Plaintiff's Brief at *2, D.E. 4-1; Defendant's Brief in Opposition at *3, D.E. 5]. For the purposes of this report and recommendation, the Court's conclusions regarding the instant motion have been made with consideration of the 90 pill bottles only. However, the Court notes that if both the 90 pill and 60 pill versions of the product were used in the Court's analysis, the instant report and recommendation would draw the same ultimate conclusions.

Considering that a 90 pill bottle of defendant's product retails for about $20.00, treble damages under the New Jersey Consumer Fraud Act would amount to about $60.00. *N.J.S.A.* 56:8-2. Also, under New Jersey law, Plaintiff could collect punitive damages of up to $100.00, that is, five times the compensatory damages. *N.J.S.A.* 2A:1-5.14(b). So, Plaintiff could feasibly recover a judgment of $160.00, plus attorneys' fees amounting to 30% of the judgment, $48.00. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 303 (3d Cir. 2005) (noting that, according to a study performed by the Federal Judicial Center, the median percentage recovery range for all class actions resolved or settled over a four year period was 27-30%); *see also Golden*, 382 F.3d at 355 ("Claims for punitive damages may be aggregated with claims for compensatory damages unless the former are 'patently frivolous and without foundation'"). So, in sum, Plaintiff's total damages amount to about $208.00. Because Plaintiff's total damages are alleged to be typical of the class, calculating the number of class members required for CAFA jurisdiction may be achieved by dividing the jurisdictional amount by Plaintiff's total damages. Therefore, a class size of at least 24,039 is required in this matter in order to meet the jurisdictional threshold.

Turning to the complaint, it is apparent that Plaintiff seeks class action status for a class comprising of thousands of consumers

10

throughout the United States over a six year period, and that this purported class is allegedly so numerous that joinder of all members is impracticable.  [*See* Plaintiff's Complaint, D.E. 1 ¶¶ 26, 27].  In his moving papers, Plaintiff has not provided any further evidence that the amount in controversy cannot meet the jurisdictional threshold.  [*See* Plaintiff's Brief, D.E. 4-1].  Instead, Plaintiff has merely repeated the allegations set forth in the complaint, and mistakenly argued that it is Defendant's burden to prove to a legal certainty that the amount in controversy exceeds $5 million.  *See id.*  Considering all of the above, the Court finds that Plaintiff has not met his burden of proving to a legal certainty that he cannot recover an amount that meets CAFA's jurisdictional threshold, and therefore the motion to remand must be denied.[3]  *See Frederico*, 507 F.3d at 196-99.

Finally, the Court will address Plaintiff's argument that his

---

3 Even if the Court were obligated to consider the instant motion using the preponderance of the evidence standard of *McNutt* or the *Morgan* strand of the legal certainty test, the instant report and recommendation would likely remain unchanged.  In support of its opposition Defendant has submitted the sealed certification of Nutraceutical Corporation Executive Vice President and Chief Operating Officer Jeffrey A. Hinrichs.  [*See* Sealed Certification of Jeffrey A. Hinrichs].  After reviewing same, the Court finds that the certification establishes by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold.  *See Frederico*, 507 F.3d at 198 (quoting *McNutt*, 298 U.S. at 189); *see also Margulis v. Resort Rental, LLC*, WL 2775494, at *4 (D.N.J. July 14, 2008) (stating that a court may consider evidence proffered by the removing defendant in determining the amount in controversy).

dual role as putative class counsel and class representative negates CAFA jurisdiction. [*See* Plaintiff's Reply at *2-4, D.E. 8]. Citing Defendant's opposition brief, Plaintiff notes that federal law "precludes Plaintiff from acting both as class representative and counsel for the putative class," and asserts that, in light of Plaintiff's dual role, "application of Rule 23, Fed. R. Civ. P., will unquestionably forbid class certification […]." *Id*. Therefore, Plaintiff argues that it is "clear to a legal certainty that Plaintiff cannot recover the minimum CAFA jurisdiction." *Id*. at *3. The Court finds this line of reasoning unpersuasive. While Plaintiff's dual role as counsel and representative may indeed present certain obstacles at the class certification stage of this litigation, Plaintiff has presented no authority supporting the contention that this fact should negate CAFA jurisdiction. Further, Plaintiff has provided no authority stating that his problematic role in this litigation cannot be remedied, either by way of obtaining new counsel or, in the alternative, substituting in another plaintiff. Accordingly, the Court finds that this issue is of no consequence to the instant motion.[4]

---

4 On December 31, 2012, Plaintiff filed an impermissible sur-reply without the permission of the Court. [D.E. 18]. Pursuant to Local Civil Rule 7.1(d)(6), "no sur-replies are permitted without the permission of the Judge or Magistrate Judge to whom the case is assigned." As such, the Court has disregarded Plaintiff's submission. *See Floyd v. New Jersey Casino Com'n*, 2007 WL 1797656, at *1 (D.N.J. June 19, 2007) (disregarding plaintiff's impermissible

## CONCLUSION

For the reasons set forth above, the undersigned recommends that the District Court **DENY** Plaintiff's motion to remand.  Pursuant to Local Civil Rule 72.1, the parties have fourteen days from receipt of this Report and Recommendation to file and serve any objections.

s/ Steven C. Mannion
**STEVEN C. MANNION**
**UNITED STATES MAGISTRATE JUDGE**

Date: January 24, 2013

---

sur-reply that was filed without permission from the court).