## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>ESTHER SALAS<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

March 8, 2013

### LETTER ORDER

**Re:** *Hoffman v. Nutraceutical Corp.*
**Civil Action No. 12-5803 (ES)**

Dear Counsel:

    Pending before this Court is Plaintiff Harold M. Hoffman's Motion To Remand this action to the Superior Court of New Jersey, Law Division, Bergen County. (D.E. No. 4). On January 24, 2013, Magistrate Judge Steven C. Mannion issued a Report & Recommendation suggesting that this Court deny the Motion. (D.E. No. 20, (the "R&R")). Magistrate Judge Mannion advised the parties that they had fourteen days to file and serve any objections to the R&R pursuant to Local Civil Rule 72.1(c)(2). (*Id*. at 3). Plaintiff filed a timely objection on January 27, 2013. (D.E. No. 21, Pl.'s Objection to Report & Recommendation of Magistrate Judge Mannion ("Pl. Obj.")). On February 11, 2013, Defendant Nutraceutical Corporation filed a response to Plaintiff's objection. (D.E. No. 22, Def.'s Resp. to Pl.'s Obj. ("Def.'s Resp.")).

    Judge Mannion provided a thorough factual background in his R&R, and this Court need not repeat it. (R&R 2-3).

    Plaintiff's only objection to the R&R is that there are no class claims in this litigation to aggregate to meet the Class Action Fairness Act's ("CAFA") jurisdictional threshold minimum of $5 million. (Pl. Obj. 2). Plaintiff sets forth the exact same argument that was considered and dismissed by Magistrate Judge Mannion. The Court disagrees with Plaintiff and finds Judge Mannion's analysis sound and well-reasoned.

    In his objection, Plaintiff contends that this action is not certifiable as a class action because Plaintiff is *pro se* and, thus, cannot serve a dual role as class counsel and class representative. (*Id*.). This obstacle, according to Plaintiff, makes class certification a "legal impossibility," which prevents aggregation of class claims. (*Id*.). As a result, Plaintiff can only recover for his personal damages, totaling "[$]60, at best," as opposed to damages for all class

members.[1]  (*Id*. at 3).  Because the damages do not reach CAFA's monetary threshold of $5 million, Plaintiff contends that this Court is without subject matter jurisdiction, and that the case must be remanded to state court.  (*Id*.).

The Court is not persuaded by Plaintiff's arguments.  Plaintiff bears the burden of showing with a legal certainty that "the plaintiff *cannot* recover the jurisdictional amount."  *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (emphasis in original).  Therefore, it was Plaintiff's burden to demonstrate that the amount in controversy could not exceed the jurisdictional threshold of $5 million.  Plaintiff failed to show that the class was not certifiable and that the class claims could not be aggregated.  The Court is not persuaded by Plaintiff's argument that his dual role as class representative and class counsel would prevent class certification.  Further, there is no legal authority to support the proposition that a party's dual role in a matter should negate federal jurisdiction under CAFA.  The Court agrees with Judge Mannion's reasoning that the obstacle of Plaintiff's dual capacity could be remedied by adding new counsel or substituting Plaintiff with new counsel to represent the class.  The Court is not "foisting" new counsel, as Plaintiff contends, but merely suggesting that it is a possibility.

Additionally, Plaintiff's own Complaint alleges that: "[P]laintiff brings this suit as a class action and in [sic] behalf of others similarly situated . . . [t]he proposed Class consists of all nationwide purchasers of [Defendant's product] for the six years period preceding the filing of this suit."  (D.E. No. 1, Pl.'s Compl. ¶ 26).  Further, Plaintiff alleges that "[t]his action has been brought and may properly be maintained as a class action pursuant to New Jersey Rule 4:32."  (*Id*. ¶ 27).  The class of plaintiffs is, in fact, so large, that "joinder of all members is impracticable."  (*Id*.).  The class comprises of "thousands of consumers throughout the United States."  (*Id*.).

Significantly, Plaintiff initially contemplated the instant matter as a class action.  Therefore, it is puzzling that Plaintiff now argues that class certification presents a "legal impossibility."  (Pl. Obj. 2).  The Court also notes that Plaintiff has not yet filed a motion for class certification.  Plaintiff, in effect, asks this Court to make a determination of impossibility of class certification,[2] but the Court is unable to do so at this time.  Moreover, the Court cannot give merit to Plaintiff's statement that both Defendant and Judge Mannion agreed that the class certification was impossible.  (*Id*.).  Defendant, in fact, argued that class certification was possible.  (D.E. No. 19, Def.'s Ltr. Br. in Opp. to Pl.'s Mot. to Remand).  Likewise, Judge Mannion was clear in his R&R that Plaintiff could remedy the obstacle of class representation by obtaining new counsel.  (R&R 12).

---

[1] This controversy involves a product with a market value of approximately $20.  (Pl. Obj. at 1).  Plaintiff's treble damages bring the amount of controversy up to $60.  (*Id*.).

[2] Plaintiff argues that the Court can decide if the class is non-certifiable at this moment, citing *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 (D.N.J. 2003) (stating that "[a] **defendant** may move to strike class action allegations prior to discovery in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met.") (emphasis added).  However, that dictum is not relevant to the present case because it is Plaintiff, rather than Defendant, that moves to strike class action allegations.  Even if the dictum were applicable, *Clark* is still distinguishable because Plaintiff's Complaint contemplates the matter as a class action.

In sum, Plaintiff failed to bear his burden of demonstrating that the class could not be certified.  Here, class certification is not "legally impossible."  Rather, it is possible, and the very direction contemplated by Plaintiff in the Complaint.  (*See* D.E. No. 1, Pl.'s Compl. ¶ 26, 27).  At best, Plaintiff's failure to pursue the matter as a class action could be attributed to Plaintiff's exercise of his own discretion, rather than to legal impossibility.  Class members could potentially recover damages in excess of $5 million.[3]  Thus, the Court has jurisdiction over this case under CAFA.

The Court has considered Plaintiff's objection, as well as Magistrate Judge Mannion's R&R, and for the reasons stated therein,

IT IS on this 8th day of March 2013,

ORDERED that the R&R of Magistrate Judge Mannion is adopted as the conclusions of law of this Court; and it is further

ORDERED that Plaintiff's motion to remand is DENIED.

**SO ORDERED**.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[3] The Court adopts Judge Mannion's computation of damages and finds them sound.  (*See* R&R 9-10).