NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HAROLD M. HOFFMAN,** individually and on behalf of those similarly situated, | |
| **Plaintiff,** | Civil Action No.: 12-5803 (ES) |
| v. | **OPINION** |
| **NUTRACEUTICAL CORP.,** | |
| **Defendant.** | |

SALAS, DISTRICT JUDGE

## I. INTRODUCTION

Pending before this Court is Nutraceutical Corp.'s ("Defendant") Motion to Dismiss Harold M. Hoffman's ("Plaintiff") Complaint. (D.E. No. 10, Brief in Support of Motion to Dismiss Plaintiff's Complaint ("Br.")). The motion is unopposed. The Court has reviewed the submissions and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78(b). For the following reasons, the Court GRANTS the motion without prejudice.

## II. BACKGROUND

On August 9, 2012, Plaintiff, individually and on behalf of those similarly situated, filed a complaint against Defendant in the Superior Court of New Jersey, Bergen County. (D.E. No.

1, Complaint ("Compl.")). On September 14, 2012, Defendant removed the state court case to this District (D.E. No. 1, Notice of Removal ("Removal")).[1]

In the Complaint, Plaintiff alleges that Defendant advertised KAL Glucosamine Chondroitin MSM (the "product") as "pure, unadulterated and of the highest quality." (Compl. 12). Plaintiff claims that despite the express promise that "[n]o ingredient other than those listed on the label have been added to this product," Defendant's product was "contaminated by 1.7 micrograms of lead per daily use." (*Id.* at 4). Next, Plaintiff claims that he and other members of the putative class relied on the express representations with respect to purity of the product and made the purchase of the product in reliance thereof. (*Id*. at 5-6). Accordingly, Plaintiff argues that Defendant's conduct violates the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2, and constitutes: an unconscionable commercial practice (Count I); deception (Count II); fraud (Count III); false pretense, false promise and/or misrepresentation (Count IV); and knowing concealment, suppression and/or omission of material facts (Count V). In addition, Plaintiff raises the following claims—common-law fraud (Count VI); unjust enrichment (Count VII); breach of express warranty (Count VIII); and breach of implied warranty of merchantability (Count IX). (Compl. 14-18).

In response, Defendant moves to dismiss the above counts pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff does not state any claim upon which relief may be granted. (Br. 2). Specifically, Plaintiff fails to "allege that he was injured by the Product or the alleged lead therein, nor could he as he never claims to have even used the Product." Nor does Plaintiff

---

[1] On September 21, 2012, Plaintiff filed a motion to remand to state court. (D.E. No. 4). The motion was denied by Judge Mannion via Report & Recommendation ("R&R") on January 24, 2013. (D.E. No. 20). Plaintiff subsequently objected to Judge Mannion's decision exercising jurisdiction on January 27, 2013. (D.E. No. 21). Judge Salas adopted Judge Mannion's R&R and overruled Plaintiff's objection on March 8, 2013. (D.E. No. 25).

"make any allegations regarding the Product's performance or efficacy, again having never used the Product." (*Id.* at 5).[2]

## III. ANALYSIS

### A. Legal Standard

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### B. Plaintiff's Consumer Fraud Act ("CFA") Claims (Counts I-V)

Plaintiff claims that "[t]he product delivered by Defendant to [P]laintiff and members of the putative class misrepresented the safety, quality, constituent ingredients and purity of defendant's product. Indeed, the spoiled and contaminated product delivered by Defendant to consumers, lacked the purity and beneficial qualities promised by Defendant." (Compl. 6). Defendant contends that Plaintiff's CFA claims must be dismissed because Plaintiff fails to show damages in connection thereto. (Br. 15). The Court agrees.

To state a cause of action under the CFA, plaintiff must allege: "(1) an unlawful practice by the defendants; (2) an ascertainable loss by plaintiff; and (3) a causal nexus between the first

---

[2] Defendant also seeks to disqualify Plaintiff as class counsel. The Court need not address the issue in this Fed. R. Civ. P. 12(b)(6) motion.

two elements – defendants' allegedly unlawful behavior and the plaintiff's ascertainable loss." *Parker v. Howmedica Osteonics Corp.*, No. 07-02400, 2008 WL 141628, at *2 (D.N.J. Jan. 14, 2008) (citing *N.J. Citizen Action v. Schering-Plough Corp.*, 842 A.2d 174, 176 (N.J. Super. Ct. App. Div. 2003)).

First, plaintiff must allege an unlawful practice. An unlawful practice "typically involves an affirmative act of fraud and can arise from an affirmative act, an omission, or a violation of an administrative regulation." *Adamson v. Ortho-McNeil Pharm., Inc.*, 463 F. Supp. 2d 496, 501 (D.N.J. 2006). "[N]ot just 'any erroneous statement' will constitute a misrepresentation prohibited" under the CFA. *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 607 (1997). "The misrepresentation has to be one which is material to the transaction and which is a statement of fact, found to be false, made to induce the buyer to make the purchase." *Id.*

Next, plaintiff must allege an ascertainable loss. Although the CFA does not define "ascertainable loss," courts have interpreted it as a "cognizable and calculable claim of loss due to the alleged CFA violation." *Solo v. Bed, Bath & Beyond, Inc.*, No. 06-1908, 2007 WL 1237825, at *3 (D.N.J. Apr., 26, 2007) (citing *Thiedmann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 249 (2005)); *Hoffman v. Hampshire Labs, Inc.*, 405 963 A.2d 849, 854 (N.J. Super. Ct. App. Div. 2009). To properly plead an ascertainable loss, plaintiff must allege facts showing "either an out-of-pocket loss or a demonstration of loss in value." *Dist. 1199P Health and Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 530 (D.N.J. 2011) (citing *Thiedmann*, 183 N.J. at 248). This requirement to show a demonstration of a loss in value includes a benefit-of-the-bargain theory that "requires nothing more than that the consumer was misled into buying a product that was ultimately worth less to the consumer than the product he was promised.

*Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 99 (D.N.J. 2011); *Henderson v. Hertz Corp.*, No. 6937-03, 2005 WL 4127090, at *7-8 (N.J. Super. Ct. App. Div. 2005).

Finally, plaintiff must show a causal nexus between the misrepresentation or concealment of the material fact by defendant and the loss suffered by any person. *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 526 (D.N.J. 2008). Here, Plaintiff failed to make the necessary three-part showing under the CFA. Specifically, Plaintiff failed to show that Defendant's alleged CFA violation caused Plaintiff's "ascertainable loss." Plaintiff merely alleged that some of Defendant's product contained 1.7 micrograms of lead in it. Even under a benefit-of the-bargain theory of damages, Plaintiff failed to show that the alleged lead in Defendant's product caused the product to be worth less than was promised. Plaintiff failed to show that the product he used actually contained lead. Moreover, Plaintiff failed to establish that the presence of 1.7 micrograms of lead in the product constituted a misrepresentation that is contrary to the product being "pure, unadulterated and of the highest quality."[3] Because Plaintiff failed to make the requisite showing under the CFA, Plaintiff's CFA claims are dismissed.

### C. Plaintiff's Common Law Fraud Claim (Count VI)

Plaintiff avers that "Defendant, in the advertisement, marketing and sale of the [product], deliberately and knowingly engaged in concealment, suppression and/or omission of material facts with the intent that others, including members of the plaintiff-class, rely upon same, and, upon information and belief, members of the class did justifiably rely upon same to their detriment." (Compl. 14). Such conduct, according to Plaintiff, constitutes common-law fraud. (*Id.* at 15). Defendant disagrees and argues that Plaintiff's common-law fraud claim must be

---

[3] On the contrary, Defendant notes that the recommended daily intake of lead is 75 micrograms, or 44 times the amount found in the product at issue. (Br. 5).

dismissed because Plaintiff "failed to sufficiently plead damages resulting from the alleged trace amount of lead in the [p]roduct." (Br. 19).

To properly plead common-law fraud in New Jersey, plaintiff must show: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997) (citing *Jewish Ctr. of Sussex Cnty v. Whale*, 86 N.J. 619, 624-25 (1981)).

Here, Plaintiff failed to identify the resulting damages, a requisite showing to properly plead common law fraud. Significantly, Plaintiff does not even allege that the product that he personally purchased, and used, contained lead. Consequently, the Court dismisses Plaintiff's claim of common-law fraud.

### D. Plaintiff's Breach of Unjust Enrichment Claim (Count VII)

Plaintiff states that "as a result of [Defendant's] false and deceptive conduct . . . [Defendant] became indebted to class members for the sums paid by class members . . . for purchase of a misrepresented product." (Compl. 16). And retention of said sums "without reimbursement, would result in the unlawful, unjust and inequitable enrichment." (*Id.*). Defendant disagrees and argues that because Plaintiff "failed to plead that the [p]roduct failed to function as advertised or that he was injured by the [p]roduct . . . there was nothing unjust about [Defendant's] accepting and retaining money in exchange for delivering the [p]roduct to [Plaintiff]." (Br. 20).

The doctrine of unjust enrichment "rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." *Assocs. Comm. Corp. v. Wallia,* 511 A.2d 709, 716 (N.J. Super. Ct. App. Div. 1986) (citing *Callano v. Oakwood Park*

*Homes Corp.*, 219 A.2d 232, 234 (N.J. Super. Ct. App. Div. 1966)). To establish "unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994).

Here, Plaintiff's allegations fail to support the claim of unjust enrichment. Even accepting all allegations as true, there is nothing in the record to suggest that Defendant's retention of Plaintiff's money is unjust. Plaintiff received the benefit of the product that he paid for and Defendant received the benefit of payment for said product. As such, the doctrine of unjust enrichment is inapposite here. Accordingly, the Court dismisses Plaintiff's claim of unjust enrichment.

### E. Plaintiff's Breach of Express Warranty and Implied Warranty of Merchantability Claims (Counts VIII & IX)

Plaintiff raises claims of breach of express and implied warranties. Specifically, Plaintiff alleges that he entered into a contract with Defendant for the purchase of the product, and in the contract, Defendant made express promises as to the purity of the product. (Compl. 17). Additionally, Plaintiff claims that the implied warranty of merchantability was breached because the product "was not fit for the ordinary purpose for which it was intended to be used." (*Id.* at 19). Defendant disagrees and argues that the warranty claims must be dismissed because "Plaintiff alleges no specific lead level in his product, and no actual injury from using the [p]roduct." (Br. 21).

Under New Jersey law, an express warranty is "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." N.J. STAT. ANN. § 12A:2–313(1)(a). "The plaintiff in a warranty action need not

establish the existence of a defect; the failure of the goods to perform as warranted is sufficient." *Spring Motors Distribs., Inc. v. Ford Motor Co.,* 98 N.J. 555, 586 (1985). Proof of causation is also required, but "mere failure of promised performance is enough without proof of any defect." *Realmuto v. Straub Motors, Inc.*, 65 N.J. 336, 343 (1974). To recover damages for breach of express warranty, plaintiffs must establish that such damages were reasonably foreseeable at the time that the contract was entered into. *Spring Motors Distribs., Inc.*, 98 N.J. at 579–80 (describing that damages for misrepresenting products comes from "society's interest in the performance of promises").

An implied warranty "simply means that the thing sold is reasonably fit for the general purpose for which it is manufactured and sold." *Henningsen v. Bloomfield Motors, Inc.*, 32 N.J. 358, 370 (1960). To establish a breach of implied warranty, plaintiff must show "that the product was not reasonably fit for the ordinary purposes for which it was sold and such defect proximately caused injury to the ultimate consumer." *Hollinger v. Shoppers Paradise of New Jersey, Inc.*, 340 A.2d 687, 692 (N.J. Super. Ct. Law Div. 1975).

Here, Plaintiff fails to make the necessary showing of damages required for both a breach of express warranty claim and an implied warranty of merchantability claim. Plaintiff merely asserts that some of Defendant's product contained 1.7 micrograms of lead. As such, Plaintiff fails to establish what damages resulted from the product containing said lead. Consequently, Plaintiff's claims of breach of express and implied warranty are dismissed.

## IV. CONCLUSION

For these reasons, the Court GRANTS Defendant's Motion to Dismiss without prejudice. An appropriate Order follows this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
